I respectfully dissent.
I agree with the majority that the alleged misrepresentations made by Bruce Patterson during the application process preceding the issuance of the life insurance policy by Liberty National, when asserted by Liberty National pursuant to Ala. Code 1975, §27-14-7, constitute an affirmative defense under Rule 8(c), Ala.R.Civ.P., to Billie Patterson's action alleging breach of contract and bad-faith refusal of pay. I differ from the majority in that I have concluded that the failure to assert this affirmative defense, given the circumstances of this case, should be excused under a harmless-error rationale.
Liberty National's basic defense on the merits of the breach-of-contract claim was misrepresentation, which, if proven, would allow Liberty National to avoid liability under the policy under § 27-14-7.
This was made clear to Billie Patterson as early as June 2001, when she received Liberty National's letter denying her claim.[14] During discovery, Liberty National produced its claim file; that file showed clearly with some specificity the thought process that resulted in the claim's being denied. So did the deposition of Liberty National's claims officer.
As the majority opinion states, this Court has not adopted the harmless-error rule in the context of an affirmative defense under Rule 8(c). There is, however, substantial authority in the federal courts to permit the application of the rule in such a context, and I think it would be appropriate to apply the harmless-error rule in this case.[15]
As the majority opinion points out, on the eve of the trial Liberty National discovered new documents that may have provided additional grounds for denying the payment of Patterson's claim other than the ground asserted by Liberty National's claims officer in his deposition. In his deposition, the claims officer stated that the reason the claim was denied was *Page 786 
the failure of the insured to state in the application that he was disabled in response to a specific question on disability. The newly discovered documents indicated incorrect answers in the application relating to alcohol problems and cirrhosis of the liver. Over Patterson's objections, those documents were admitted.
I would defer to the trial court's discretion in allowing those documents to be admitted. The trial court, better than this Court, is able to determine whether the admission of this evidence unfairly surprised and prejudiced Patterson, and I do not think the trial judge exceeded his discretion in admitting them. Therefore, I would affirm.
[14] The letter read as follows:
 "We have received the necessary claim forms and additional information regarding the death of Bruce L. Patterson.
". . . .
 "[Liberty National], upon receiving notice of the death of Bruce L. Patterson, made its normal investigation. We received medical records which indicate that Bruce L. Patterson has been drawing Social Security Insurance Benefits for his disability since October, 1991. These records show that Mr. Patterson was treated in the past for alcohol dependency, depression, and anxiety, and was prescribed numerous medications for treatment or these conditions. The records indicated that correct information was not disclosed on the application. Had the correct information been furnished, Bruce L. Patterson would not have been an acceptable risk under the rules of [Liberty National] for this policy and would have not have been issued the policy.
 "In view of this, it is the decision of [Liberty National] to deny your claim and refund all premiums paid on this policy. We are enclosing our check in the amount of $297.44 representing this amount.
 "You, of course, appreciate the fact that [Liberty National], by the contents of this letter, does not waive any defenses and specifically reserves the right to interpose any applicable defenses to any claims."
[15] For example see Grant v. Preferred Research, Inc.,885 F.2d 795 (11th Cir. 1989); Bayou Fleet, Inc. v. Alexander,234 F.3d 852 (5th Cir. 2000); and Carter v. United States,333 F.3d 791 (7th Cir. 2003).